UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES VAUGHN ALLEN,

Plaintiff,

v.

CAUSE NO. 3:23-CV-502-JD-JPK

STATE OF INDIANA, et al.,

Defendants.

OPINION AND ORDER

James Vaugh Allen, a prisoner without a lawyer, filed a complaint under 42

U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. To proceed beyond the pleading stage, a complaint must

contain sufficient factual matter to "state a claim that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Mr. Allen is proceeding without counsel, the court must give his allegations

liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Allen is in custody at the St. Joseph County Jail in connection with a probation violation charge.[1] *See State of Indiana v. Allen*, 71D08-1611-F5-00243 (St. Joseph Sup. Ct. filed Nov. 23, 2016). He claims that on March 15, 2023, approximately $180.00 was taken out of his inmate trust account to pay child support. He claims this violated an agreed order entered by a state judge in a child support enforcement action involving his minor daughter. He claims that he, the prosecutor, and the judge all agreed that he would pay $10.00 per month until an arrearage was paid off. However, he attaches an income withholding order issued in the state case directing the jail to withdraw a lump sum payment of $178.44 from his trust account. (ECF 1-1 at 3.) At a hearing held in the child support case in May 2023, Mr. Allen complained about the withdrawal, and the judge gave the prosecutor time to look into the matter. Mr. Allen believes the judge's action was improper and that the prosecutor should have been held in contempt for violating their agreement. Based on these events, he sues the State of Indiana, the State of Indiana Child Support Bureau, St. Joseph County, St. Joseph County Prosecutor Kenneth Cotter, and the "Head of the Financial Department" at the jail, seeking $5 million in damages.

Mr. Allen has not stated a viable constitutional claim against any defendant. The State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, they have Eleventh Amendment immunity from a claim for

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

As for Mr. Kotter, liability under 42 U.S.C. § 1983 is based on personal responsibility,

and there is nothing to suggest he had any personal involvement in these events.

*Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595

(7th Cir. 2009). If he was in fact the prosecutor assigned to Mr. Allen's child support

case, he has prosecutorial immunity for his actions taken on behalf of the state in that

case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

St. Joseph County cannot be held liable for the actions of its employees "unless

those acts were carried out pursuant to an official custom or policy." *Grieveson v.

Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official

policy requirement is to "distinguish between the isolated wrongdoing of one or a few

rogue employees and other, more widespread practices." *Howell v. Wexford Health

Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Mr. Allen does not allege that the County

has an official policy or practice that caused him injury; rather, he describes a one-time

incident involving an alleged error made in a child support enforcement case. He has

not alleged a plausible claim against the County.

As for the head of the jail financial department (who he does not identify by

name), it is evident from the attachments that the funds in question were withdrawn

because the jail received an order requiring that a lump sum payment of $178.44 be

withdrawn from Mr. Allen's account. (ECF 1-1 at 2, 3.) The order specifically directs:

"Do not stop any existing [Income Withholding Order] unless you receive a termination

order." (ECF 1-1 at 3.) The jail financial department was thus merely complying with the order when it withdrew the funds.

If Mr. Allen believes money was wrongfully taken from his account, he may have some remedy in the state child support enforcement case, or through a separate action filed under the Indiana Tort Claims Act. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (a state tort claims procedure that provides a method by which a person can seek reimbursement for lost property satisfies the requirements of due process). However, he has not alleged a plausible due process claim against jail staff for complying with an order issued in the state child support enforcement action, nor does this court have authority to review or overturn the orders issued in the state case. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). If he believes the judge acted wrongly, his remedy is through the state appellate process, not a federal civil rights lawsuit. *See Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005).

Therefore, the complaint does not state a claim upon which relief can be granted. It appears unlikely that Mr. Allen will be able to allege a viable federal claim based on these events. However, "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course." *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019). The Seventh Circuit has instructed that in a pro se case, "the liberal approach to amending pleadings applies with even more force." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Mr. Allen has not previously amended his complaint. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he

can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013);

For these reasons, the court:

(1) GRANTS the plaintiff until **August 31, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 1, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT